UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORDAN SHACKOWSKY and
TERRY NELSON, on behalf of
themselves and on behalf of all
others similarly situated,

    Plaintiffs,

v.                                                           Case No.:

AMERICAN RECOVERY SPECIALISTS
OF FLORIDA, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JORDAN SHACKOWSKY and TERRY NELSON ("Plaintiffs"), by and through undersigned counsel, on behalf of themselves and on behalf of all others similarly situated, bring this action against Defendant, AMERICAN RECOVERY SPECIALISTS OF FLORIDA, INC. ("Defendant"), and in support of their claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failure to pay overtime wages under 29 U.S.C. § 215(a)(3), and for unpaid wages.

2. This Complaint is filed as a collective action under 29 U.S.C. § 216(b) as to Count I.

3. This Complaint is filed as a class action under the Fed. R. Civ. P. 23 as to Count II.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

5. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida, which lies within the Middle District.

## PARTIES

6. Plaintiffs are residents of Hillsborough County, Florida.

7. Defendant operates a vehicle repossession company in Tampa, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

8. Plaintiffs have satisfied all conditions precedent, or they have been waived.

9. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiffs request a jury trial for all issues so triable.

11. At all times material hereto, Named Plaintiffs JORDAN SHACKOWSKY and TERRY NELSON were employed by Defendant as repossession agents.

12. The similarly situated employees consists of all other repossession agents employed by Defendant within the last three years.

13. At all times material hereto, Plaintiffs and the similarly situated employees were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

14. At all times material hereto, Plaintiffs and the similarly situated employees were "employees" of Defendant within the meaning of the FLSA.

15. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. Defendant continues to be an "employer" within the meaning of the FLSA.

17. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

18. At all times relevant to this action, Defendant engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

19. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

20. At all times material hereto, the work performed by Plaintiffs and the similarly situated employees were directly essential to the business performed by Defendant.

## FACTS

21. Plaintiff JORDAN SHACKOWSKY began working for Defendant as a vehicle repossession agent in June 2016, and he worked in this capacity until on or about May 12, 2017.

22. Plaintiff TERRY NELSON began working for Defendant as a vehicle repossession agent in July 2016, and he worked in this capacity until on or about October 1, 2016.

23. At various times material hereto, Plaintiffs and similarly situated employees worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be paid an overtime premium equal to one and one-half times their regular hourly rate for all of these hours.

24. By failing to accurately record all of the hours worked by Plaintiff and similarly situated employees, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. *See* 29 C.F.R. § 516.2.

25. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

26. In exchange for Plaintiffs' services, Defendant agreed to pay Plaintiffs and the similarly situated employees, a commission of 25% of the repossession fee paid to Defendant by the financing company for each vehicle Plaintiffs and the similarly situated employees repossessed.

27. Defendant has failed to Plaintiffs and the similarly situated all wages owed to them, including commissions.

28. Plaintiffs' unpaid commissions constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

29. Defendant's failure to pay Plaintiff all of Plaintiffs' wages, including commissions, was willful.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs assert a claim under Count I of this Complaint as an "opt-in" collective action on behalf of similarly situated employees of Defendant pursuant to 29 U.S.C. § 216(b).

31. The similarly situated employees are repossession agents whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

32. Therefore, notice is properly sent to: "All repossession agents whom Defendant failed to compensate for all of the overtime hours that they worked at any time during the period from three years preceding the filing of this Complaint to the present."

33. The total number and identities of the similarly situated employees may be determined from the records of Defendant, and the similarly situated employees may easily and quickly be notified of the pendency of this action.

34. Plaintiffs and the similarly situated employees have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

35. Plaintiffs' experience with Defendant's payroll practices is typical of the experiences of the similarly situated employees.

36. Defendant's failure to pay all overtime wages due at the premium rates required by each individual's personal circumstances is common to Plaintiffs and the similarly situated employees.

37. Defendant's practice of underpaying Plaintiffs and the similarly situated employee's commissions is common to Plaintiff and the similarly situated employees.

38. Overall, Plaintiffs' experience as repossession agents who worked for Defendant is typical of the experience of the similarly situated employees.

39. Specific job titles or job duties of the similarly situated employees do not prevent collective treatment.

40. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## RULE 23 CLASS ACTION ALLEGATIONS

41. Plaintiff assert a Rule 23 class claim under Count II of this Complaint on behalf of the Putative Class defined as follows:

**UNPAID WAGES CLASS: All persons employed by Defendant, whom Defendant failed to pay all wages, including commissions, for work performed within four years of the filing of this Complaint through the date of final judgment in this action**

42. Plaintiffs are and have been members of the Putative Unpaid Wages Class described here in.

43. Numerosity: The number of persons in the Putative Rule 23 Class are so numerous that joinder of all persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiffs at this time and can only be obtained through appropriate discovery, Plaintiffs are informed and believe, and on that basis allege, that the Putative Rule 23 Class includes over 100 persons.

44. Typicality: Plaintiff's claims are typical of those of the members of the Putative Class. Plaintiffs' unpaid wages are typical of other Putative Class members, and Defendant treated Plaintiffs in a manner consistent with its treatment of other Putative Class members under its standard policies and practices.

45. Adequacy: Plaintiffs will fairly and adequately protect the interests of the Putative Class, and have retained counsel experienced in complex class action litigation.

46. Commonality: Common questions of law and fact exist to all members of the Putative Class, and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

    (a) Whether Defendant; and

(b) Whether Defendant's violations of were willful.

47. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1), because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

48. This case is also maintainable as a class action under Fed. R. Civ. P. 23(b)(2), because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Classes as a whole.

49. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct, which is described in this Complaint, stems from common and uniform policies and practices of Defendant, including Defendant's systematic underpayment of commissions. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this

action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

50. Plaintiffs intend to send notice to all members of the Putative Class to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

## COUNT I – FLSA OVERTIME VIOLATIONS
### (Collective Action)

51. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

52. Plaintiffs reallege and readopt the allegations of Paragraphs 1 through 29 of this Complaint, as fully set forth herein.

53. During the statutory period, Plaintiffs and the similarly situated employees worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

54. Defendant failed to compensate Plaintiffs and the similarly situated employees for all of the overtime hours that they worked.

55. The similarly situated employees are similarly situated because they were all employed as repossession agents by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its repossession agents for all of the overtime hours that they worked in accordance with the FLSA.

56. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiffs and the similarly situated employees are individually entitled to an amount equal to their unpaid overtime wages as liquidated damages.

57. All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58. As a result of the foregoing, Plaintiffs and the similarly situated employees have suffered damages.

**WHEREFORE**, Plaintiffs and all similarly situated employees who join this collective action demand:

    (a) Designation of this action as a collective action on behalf of the Plaintiffs and the similarly situated employees that he seeks to represent, in accordance with the FLSA;

    (b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

    (c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and all opt-in similarly situated employees, at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and all opt-in similarly situated employees at the applicable overtime rate, as liquidated damages;

(h) Judgment against Defendant stating that their violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

### COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW
**(Class Action)**

59. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

60. During the statutory period, Plaintiffs and the Members of the Class worked for Defendant, and Defendant agreed to pay Plaintiffs and the similarly situated employees for their services.

61. Defendant failed to pay Plaintiffs and the Members of the Class all "wages owed to them, including commissions.

62. As a result of the foregoing, Plaintiffs and the Members of the Class have suffered damages.

**WHEREFORE**, Plaintiffs demand:

(a) Determining that this action may proceed as a class action under Rule 23(b)(1), and (2) and (3) of the Federal Rules of Civil Procedure;

(b) Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

(c) Issuing proper notice to the Putative Class at Defendant's expense;

(d) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

(e) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

(f) Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of May, 2017.

Respectfully submitted,

/s/ Matthew K. Fenton
**MATTHEW K. FENTON**
Florida Bar Number: 0002089
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-223-6413
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiffs**